# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KATHLEEN McDERMED, | Case No.: 2:10-cv-01087-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#11) |
| ACES HIGH MANAGEMENT d/b/a, SADDLE WEST HOTEL, CASINO and RV RESORT; ROE CORPORATIONS I-X, inclusive, and JOHN DOES I-X, inclusive, | |
| Defendants. | |

Before the Court is Defendant Aces High Management and Saddle West Hotel, Casino and RV Resort's ("Saddle West") Motion to Dismiss for Lack of Jurisdiction, or in the alternative, Request for Settlement Conference (#11, filed Jan. 4, 2011). The Court has also considered Plaintiff Kathleen McDermed's Opposition (#16, filed Feb. 4, 2011), and Saddle West's Reply (#14, filed Feb. 8, 2011).

## BACKGROUND

McDermed, a California resident, alleges that she slipped and fell on a wet sidewalk at the Saddle West Hotel, Casino RV Resort located in Pahrump, Nevada on July 6, 2008. (Dkt. #11, Mot., 2:4–6.) McDermed alleges that Saddle West negligently allowed unsafe

1

1  conditions on the hotel premises which caused McDermed's fall and resulted in injuries to her
2  knee, back, and other parts of her body. (Dkt. #1, Compl., ¶¶10-11.) Further, McDermed claims
3  that her injuries required her to seek medical treatment for extreme physical pain. (*Id.* ¶¶12-13.)
4  McDermed claims that her medical expenses to date are in excess of $38,205.54. Additionally,
5  McDermed claims that the surgical procedures she is expected to undergo are anticipated to push
6  her medical expenses in excess of $100,000.00.

7  On July 1, 2010, McDermed filed suit based on diversity jurisdiction alleging
8  negligence. Saddle West now asks the Court to dismiss the suit for lack of subject matter
9  jurisdiction, or in the alternative, to order a settlement conference. Saddle West argues that
10 McDermed's medical expenses do not exceed $75,000, thus the Court does not have diversity
11 jurisdiction over the suit. For the reasons discussed below, the Court denies Saddle West's motion
12 to dismiss and refers the request for settlement conference to Magistrate Judge Lawrence R.
13 Leavitt.

**DISCUSSION**

15 Because dismissal of the case for lack of subject matter jurisdiction will end the
16 Court's ability to refer this case for a settlement conference, the Court first analyzes the
17 jurisdictional issues Saddle West raises in its motion to dismiss.

**I.    Saddle West's Motion to Dismiss for Lack of Jurisdiction**

   **A.    Legal Standard**

20 "In this action, as in all actions before a federal court, the necessary and
21 constitutional predicate for any decision is a determination that the court has jurisdiction–that is
22 the power–to adjudicate the dispute." *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998).
23 Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a
24 claim or action for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is
25 appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are
26 sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM)*

*Antitrust*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts are courts of limited jurisdiction. *Owen Equip & Erection Co. V. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Trives of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Subject matter jurisdiction is a threshold issue that goes to the power of the court to hear a case, thus the issue may be raised at any time and by any party. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h). A district court must dismiss a case when no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h).

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the court's subject matter jurisdiction. The Court accepts the allegations in the complaint as true when ruling on a motion to dismiss for lack of subject matter jurisdiction. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). The court, however, is not limited to the pleadings and may review evidence, including affidavits and testimony, to resolve factual disputes regarding jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 5600 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052, 109 S. Ct. 1312, 103 L. Ed. 581 (1989).

**B.   Diversity Jurisdiction**

To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). The Court will only examine the amount in controversy as Saddle West does not dispute that the parties are diverse.

The Court generally determines the amount in controversy from the face of the

1  pleadings. *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986)
2  (citing *St. Paul Mercury Indemnity Co. V. Red Cab Co.*, 303 U.S. 283, 288-89, 822 L.Ed. 845, 58
3  S. Ct. 586 (1938)). Unless the relevant law specifies a different rule, the plaintiff's claimed sum of
4  damages controls if the claim is made in apparent good faith. *Id.* at 363-64. To justify dismissal,
5  the Court considers whether it is a legal certainty that the claim is really for less than the
6  jurisdictional amount. *Id.* at 364. The legal certainty test is deferential to a plaintiff's claim and
7  makes securing dismissal for an insufficient amount in controversy very difficult. *Id.* A suit will
8  only be dismissed if to a legal certainty, from the face of the pleadings, the plaintiff cannot recover
9  the amount claimed, or if the court is satisfied to a legal certainty, from the evidence, that the
10 plaintiff was never entitled to recover that amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
11 398, 401 (9th Cir. 1996).

12         Saddle West claims that McDermed can only show medical expenses totaling
13 $38,205.54, however, McDermed's complaint alleges current damages in excess of the $75,000
14 required to establish jurisdiction. Further, McDermed alleges future medical expenses in excess of
15 $100,000 following surgical procedures required to treat her injuries. (#16, Opp., 8:8–10.) Thus,
16 on the face of the pleadings and upon reply to the defendant's motion, McDermed adequately
17 claims damages exceeding $75,000 for medical expenses and procedures. McDermed's claimed
18 sum is controlling because McDermed's claim is made in apparent good faith. Although Saddle
19 West has shown a possibility that McDermed may not recover damages in excess of $75,000,
20 Saddle West has not established to a legal certainty that McDermed's claim is really for less than
21 the jurisdictional requirement. Accordingly, the Court denies the motion.

22 **II.    Defendants' Request for Settlement Conference**

23         Under Federal Rule of Civil Procedure 16 and the Local Rules of Practice, the
24 Court may grant a request for a settlement conference. Both parties agree that a settlement
25 conference is appropriate. The request is thus referred to Magistrate Judge Lawrence R. Leavitt.
26 ///

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#11) is DENIED.

IT IS FURTHER ORDERED that Defendant's Request for Settlement Conference (#11) is referred to Magistrate Judge Lawrence R. Leavitt.

Dated:  June 10, 2011

_____
**ROGER L. HUNT**
**United States District Judge**